Mr. Justice Clayton
delivered the opinion of the court.
At the November term, 1840, of the probate court of Adams county, upon the petition of Stone, as guardian of his wards, permission was granted to the guardian “ to erect, out of the funds of said wards, a building upon their lot, in Natchez, of such dimensions and quality as may suit their interest.” Under this order of the court, the guardian contracted with the appellant, Payne, for the erection of a building. The contract was completed ; there were no sufficient funds to pay the expense, and Payne filed his petition in the circuit court to obtain an order for the sale of the lot and building, under the mechanic’s lien *373 law. A demurrer in behalf of the infants was filed, which was sustained, and the petition dismissed. From this judgment the case was brought by writ of error to this court.
The first subject for examination is the order of the probate court. If that order do not warrant the sale of the lot, for the expense of the building, or if that court had no power or authority to make an order of that character, then the judgment of the circuit court was correct. If the appellant dealt with a party, having by law but a limited authority, he can have no right beyond what the authority, rightfully exercised, -would confer. Its excess would give nothing beyond the lawful limit. This is true as well in reference to the acts of the court as of the guardian.
A fair construction of the order made by the probate court will not justify the conclusion that it meant to authorize the destruction of the interest of the infants. The language employed is measured and cautious. The building is authorized to be erected out of their funds, and to be suitable to their interest. The building erected was in fact not out of their funds, but upon credit; and so far from being suitable to their interest, it is sought to make it involve the destruction of that interest.
But if the probate court intended, under any contingency, a sale of the lot, had it power to make such order ?
There are two cases in which the sale of an infant’s real estate may be made by the guardian, under an order of that court. First, “when upon full investigation, it may be found that the personal estate and the rents and profits of the real estate are not sufficient for the maintenance and education of the ward.” H. H. 338, sect. 9. Second, “ when, in the opinion of tjiai court, such sale shall be for the interest of the minors.” H & H. 417, sect. 110, 113. But a bare inspection of the statute shows very plainly,, that no sale is contemplated by it, in a state of case like the present.
On the whole, we are of opinion that the probate court has no power to authorize the erection of buildings upon the real estate of minors, which may involve the necessity of selling that estate to pay for them; and we think, moreover, that it *374 was not the intention of the probate court to authorize any such proceeding by the order made in this instance.
We do not undertake to pass upon the rights of Payne i n other respects; but confine ourselves to the remedy pursued. His rights against Stone, or to proceed against the rents and profits of the lot, to the extent that his improvements may have added to them, are matters not now before us, and which we do not touch.
The judgment is affirmed.